MEDLOCK *et al. v.* COMMISSIONERS OF ROADS AND REVENUES
OF DEKALB COUNTY, and *vice versa.*

LITTLE, J.   1. That one of the jurors engaged in the trial of a case separated
himself from the others by leaving the jury-room and entering the court-room,
where he remained for a few minutes, affords no cause for a new trial, when it
appears that counsel for the losing party was fully informed of the facts relat-
ing to such separation prior to the rendition of the verdict, and neither sub-
mitted any motion to the court touching this illegal conduct of the juror, prior
to the verdict, nor objected to its reception.   A party with full knowledge
of such facts can not keep silence and take the chances of a verdict in his
favor, and afterwards be heard to urge such facts as a reason why the verdict
should be set aside.
2. It was satisfactorily shown in this case that nothing prejudicial to the movant
resulted from the separation of the jury.
3. That one of the jurors who tried a civil case arising from the issuance of an
execution by county commissioners against a defaulting county treasurer and
the sureties on his bond, to which a surety interposed an affidavit of illegality,
questioning the legality of certain acts of the commissioners, and denying lia-
bility under his obligation, was a member of the grand jury which, prior
thereto, had returned a bill of indictment against the treasurer for embezzle-
ment of the county funds, is not a legal cause of disqualification.   The issues
were not the same, nor did the return of the bill of indictment as true involve
on the part of the grand juror the formation or expression of an opinion as
to the issues involved in the civil case.
4. Other than those dealt with above, the complaints made in this case are, in
effect, that the verdict rendered was not supported by the evidence.   An ex-
amination of the record discloses that such complaints are not well founded.
*Judgment on main bill of exceptions affirmed.   Cross-bill dismissed.   All the*
*Justices concurring, except Lewis, J., absent.*

Submitted March 1, — Decided April 26, 1902.

Exceptions to auditor's report.   Before Judge Lumpkin.   DeKalb
superior court.   June 26, 1901.

*W. W. Braswell,* for plaintiffs in error.
*Candler & Thomson,* contra.